### 16963

MRS. DAUDY THOMPSON, MRS. MAE STONE, MRS. LEE WIL-
SON, MRS. RACHEL OLMQUEST, MRS. GRACE POLATTY
and R. G. ENGLISH and W. E. ENGLISH, minors over the
age of fourteen years, by their Guardian *ad litem*, MRS.
GRACE POLATTY, Appellants, v. JAMES W. Mc-
GILL, GENEVA McGILL, C. E. ENGLISH and
THE PERPETUAL BUILDING & LOAN
ASSOCIATION
Respondents
(85 S. E. (2d) 867)

*R. Lee Wilson, Esq.,* of Walhalla, *for Appellants,*

*Messrs. Doyle & Doyle* and *Sherrard & Jones,* of Ander-
son, *for Respondents,*

February 14, 1955

BAKER, Chief Justice.

This appeal is based upon the applicability of Section 26-106 of the 1952 Code of Laws, which provides an exception to Section 26-105. The latter Section provides:

"The production, without further or other proof, of the original of any instrument in writing (other than a will) required by law to be recorded shall be prima facie evidence of the execution and recording of such instrument if such instrument shall have been recorded in the manner and place and within the time prescribed by law for recording the same and the recording thereof shall have been certified by the clerk of court or register of mesne conveyances and if the party or his attorney so producing any such recorded instrument shall have given at least ten days' previous notice in writing to the opposite party or his attorney of his intention so to produce any such recorded instrument with a description of the same."

Section 26-106 reads as follows:

"The provisions of § 26-105 shall not apply when any such recorded instrument is assailed or attacked on the ground of fraud in its execution if at least ten days' previous notice in writing of such ground by a pleading or otherwise duly sworn to shall have been given by the party or his attorney so assailing or attacking such instrument to the opposite party or his attorneys."

Upon issue being joined, and the filing of the pleadings, the appellants, through counsel, gave notice to the respondents that they would object to the introduction into evidence of the record of the alleged deed from J. Waymon English to Carl R. English, dated December 11, 1931, and recorded in Deed Book L-6, at page 206, Clerk of Court's office for Anderson County, S. C., upon the ground that the said deed was a forgery, which was alleged upon information and belief. (We assume that counsel for appellants intended to give notice that appellants would object to the introduction in evidence of the recorded deed from J. Waymon English to Carl R. English until its execution had been regularly proven.)

We gather from the "Statement" in the record that the complaint of appellants alleges that a Mrs. Ella English died intestate in June, 1947, leaving heirs at law at the time of her death, and owning the tract of land herein involved. All of the respondents answered. C. E. English denied that he had any interest in the land. The McGills interposed a general denial and then a specific denial that Mrs. Ella English owned this land at the time of her death and·alleged that they were the then owners thereof. The Perpetual Building & Loan Association set up its mortgage from the McGills over this land, and that in making the loan it had relied upon the public records, which showed a fee simple title in the McGills, and therefore it was a purchaser without notice.

It was incumbent upon the appellants to first establish that they were entitled to at least some interest in this land before the respondents were called upon to offer any testimony. So far as the record discloses, even if Mrs. Ella English had died intestate and owning this land, there is nothing therein from which we could find that the appellants would have any interest in this land. . . .

The record in this case does not contain the pleadings, the testimony on any purported issue, or the Master's Report. The lower Court's decree affirming the Master's Report holds that there is not the slightest evidence in the record to show that the deed in issue was a forgery and this holding is substantiated by the record.

The decree of the Circuit Judge is affirmed.

TAYLOR, J., concurs.

STUKES, OXNER and LEGGE, JJ., concur in result.

LEGGE, Justice (concurring in result).

It appears from the meager record before us that "in due time" appellants gave notice to counsel for respondents that they would object to the introduction in evidence of the record of a certain deed from J. Waymon English to Carl R.

English "because they contend upon information and belief that the same was forged"; and that at the hearing before the referee objection to its introduction was made upon the sole ground that the notice before mentioned rendered the record of the deed inadmissible perforce Sections 26-105 and 26-106 of the 1952 Code. The referee properly held that these provisions of the Code were not applicable, and the respondent James W. McGill was sworn as a witness to prove that the original deed was not available. Whether he testified, and if so to what, the record before us does not show. We can only assume from the fact that the record of the deed was admitted as evidence that the referee was satisfied that the original had been lost or destroyed. If proper foundation was laid (and the record before us indicates no objection by reason of its insufficiency), the record of the deed was admissible under the rules of evidence existing at common law. Code, 1952, Section 26-805. *State v. Crocker,* 49 S. C. 242, 27 S. E. 49; *Macedonia Baptist Church v. City of Columbia,* 195 S. C. 59, 10 S. E. (2d) 350; *Sample v. Gulf Refining Co.,* 183 S. C. 399, 191 S. E. 209; *Drayton v. Industrial Life & Health Ins. Co.,* 205 S. C. 98, 31 S. E. (2d) 148.